# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Justin Buell,

    Plaintiff,

v.

Sneaker Bar Detroit LLC,

    Defendant.

_____/

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Justin Buell ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Sneaker Bar Detroit LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as sneakerbardetroit.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged

in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.      Plaintiff Justin Buell is an individual who is a citizen of the State of California and maintains a principal place of business 120 Redwood Ave, #1, Corte Madera in Marin County, California.

6.      Upon information and belief, Defendant Sneaker Bar Detroit LLC, is a Michigan limited liability company with a principal place of business at 48516 Boardwalk Drive, Macomb in Macomb County, Michigan and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.      This Court has personal jurisdiction over Sneaker Bar Detroit LLC because it maintains its principal place of business in Michigan.

9.      Venue is proper under 28 U.S.C. §1391(a)(2) because Sneaker Bar Detroit LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print

publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Sneaker Bar Detroit LLC is the registered owner of the Website and is responsible for its content.

15. Sneaker Bar Detroit LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. Furthermore, the Website expands its online footprint via its collective social media accounts which directly promote the Website whereby Defendant, in the aggregate has roughly 523,500 user connections.

19. On October 09, 2015, Plaintiff Justin Buell authored a photograph of musician Kayne West gifting former President Barrack Obama a pair of West's

popular designer footwear (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

20. The Photograph was registered by the USCO on July 23, 2018 under Registration No. VA 2-117-120.

21. On August 12, 2019, Plaintiff observed the Photograph on the Website in a blog post dated January 10, 2016. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

22. The Photograph was displayed at URL: https://sneakerbardetroit.com/celebrity-weekly-rotation-1-7-16/3/.

23. The Photograph was stored at URL: https://sneakerbardetroit.com/wp-content/uploads/2016/01/barack-obama-adidas-yeezy-boost-350-pirate-black.png.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Website.

25. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to

permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

28. Upon information and belief, Defendant's selection of Plaintiff's image was due to the fact that Plaintiff's image depicted two high profile individuals, a former United States President as well as a highly popular musician in relation to the proliferation of high-end footwear, the focus of Defendant's Website.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

30. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Mario Briguglio whereby Defendant's Website lists him as an "Author" and "Founder" ("*Employees*").

31. Upon information and belief, Mario Briguglio is the sole contributor to Defendant's Website as well as the principal administrator of the Website.

32. Upon information and belief, at all material times the Employees were

acting within the course and scope of their employment when they posted the Infringement.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

34. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

35. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

36. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

37. Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

38. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

39. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

40. Upon information and belief, Defendant monitors the content on its

Website.

41. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

42. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

43. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

44. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

49. Plaintiff has not licensed Defendant the right to use the Photograph in

any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

50. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

51. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

52. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation against Defendant pursuant to 17 U.S.C. § 505;

e.   for pre judgment interest as permitted by law; and

f.   for any other relief the Court deems just and proper.

DATED: January 28, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123679

*Attorneys for Plaintiff*