UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN BUELL,

    Plaintiff

v.                                                                    Case No. 22-10185
                                                               Honorable Victoria A. Roberts

SNEAKER BAR DETROIT, LLC,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]

### I.    INTRODUCTION

Justin Buell ("Buell"), copyright owner of a photo of musician Kanye West gifting a pair of his "Yeezy" sneakers to then-President Barack Obama, filed this action for copyright infringement. After Defendant failed to respond or otherwise defend, Buell filed a motion for default judgment. He requests that the Court grant actual damages for copyright infringement, as well as costs incurred in filing this case.

After review of the record, the Court **GRANTS** Buell's Motion for Default Judgment.

1

## II.　FACTUAL BACKGROUND

Buell creates photographic images that he licenses to online and print publications. On October 9, 2015, Buell authored an exclusive photograph of musician Kanye West gifting a pair of his "Yeezy" sneakers to former President Barack Obama. On July 23, 2018, the United States Copyright Office registered the photograph under Registration No. VA 2-117-120.

Defendant Sneaker Bar ("Sneaker") owns and operates a monetized website known as www.sneakerbardetroit.com. On August 12, 2019, Buell says he observed the photograph in question on Sneaker's website in a blog post dated January 10, 2016. Buell says that without permission from him, Sneaker knowingly copied and displayed the photograph in violation of U.S. copyright laws. Because Sneaker's website is monetized and contains paid advertisements, Buell says that Sneaker profited from the posting of his photo.

Buell filed this action on January 28, 2022. He alleges that Sneaker committed infringement of his copyright, in violation of 17 U.S.C. § 501. Because Sneaker failed to respond, the Clerk entered default. Buell them moved for default judgment, asking the Court to grant (1) actual damages and profits for copyright infringement in the amount of $9,930.00; and (2) costs in the amount of $402.00.

### III.   RELEVANT LAW

The Court may enter a default judgment against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (*citing Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC*, 2019 WL 1922052, at *4 (internal citations omitted).

### IV.   ANALYSIS

**A. The Court Grants Buell's Request for Actual Damages.**

Buell requests actual damages and profits for copyright infringement.

Buell's request is reasonable. The Copyright Act provides that copyright protection begins the moment the "tangible" work is created; registration with the Copyright Office is not required for a work to be

3

protected under U.S. copyright law. 17 U.S.C.A. § 102(a) (West) ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.") On the other hand, registration with the Copyright Office is required to file suit. 17 U.S.C.A. § 411(a) (West).

Buell's copyright protections began the day he authored the West photograph, on October 9, 2015. Sneaker's copyright infringement began the day it reproduced Buell's photo without his permission on January 10, 2016. Buell's potential damages began accruing on that day. And because Buell registered his copyright on July 23, 2018, he became eligible to file suit for copyright infringement on that date.

The Copyright Act also includes a statute of limitations on copyright infringement actions. Specifically, the Act provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Sixth Circuit's limitations period is governed by a "discovery rule," under which a cause of action accrues when the injured party learns, or should have learned, of the injury. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390 (6th Cir. 2007) ("A

4

copyright infringement claim accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge.") (internal quotes omitted).

Buell discovered the post on August 12, 2019. He had until August 12, 2022 to file this action. Because Buell filed this action on January 28, 2022, he does not run afoul of the statute of limitations and is entitled to damages accruing from the day Sneaker's copyright infringement began (January 10, 2016) to now.

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages . . ." 17 U.S.C.A. § 504(a) (West). Generally, the amount of actual damages in a copyright infringement action is calculated with reference to the loss in the fair market value of the copyright, often measured by the profits lost as a result of the infringement. *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 632 (6th Cir. 2020).

Buell claims that he lost $9,930.00 in profits because of Sneaker's infringement. To calculate this, Buell first offers the Getty Images licensing fee of a photograph of Barack Obama with basketball star Michael Jordan, which is currently priced at $4,965.00 for use for 3 years. [ECF No. 10-2, PageID.64]. Because this number equates to $1,655 per year, Buell then multiplied $1,655 by 6 (for the 6 years Defendant engaged in copyright

5

infringement) to arrive at his $9,930.00 damage figure. Buell says that he believes he would have charged Sneaker $9,930.00 to license his photograph for non-exclusive commercial use for 6 years.

The Court believes this to be a reasonable basis for Buell's computation of damages. The cited Getty Images price is adequate evidence of a comparable licensing fee for a similarly situated photograph.

### B. The Court Grants Buell's Request for Costs.

Buell requests $402.00 in litigation costs.

The Copyright Act permits the prevailing party to recover its full costs. 17 U.S.C.A. § 505 (West) ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."). The grant of fees and costs under the Copyright Act is the rule rather than the exception, and they should be awarded routinely. *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) (internal quotes omitted).

In support of his claim for $402.00 in costs, Buell offers the declaration of his counsel, which states that "Plaintiff incurred and seeks reimbursement for costs in the amount of $402.00, the filing fee for which Plaintiff requests this Court to take judicial notice." [ECF No. 10-1, PageID.51]. The Court does

so and finds that Buell's request for costs in the amount of $402.00 is reasonable.

## V. CONCLUSION

The Court **GRANTS** Buell's Motion for Default Judgment. Sneaker Bar Detroit, LLC is liable to Buell in the amount of $9,930.00 for actual damages. Additionally, Sneaker is liable for $402.00 in costs.

**SO ORDERED.**

                                    s/ Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Court Judge

Dated: 11/2/2022